Larry D. Simons
larry@lsimonslaw.com
7121 Magnolia Avenue
Riverside, California 92504
Telephone: 951.686.6300
Facsimile: 951.742.4733

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>YVONNE L. SANCHEZ and<br>OSCAR SANCHEZ, husband and wife,<br><br>Debtors.<br><hr><br>LARRY D. SIMONS, solely in his capacity as Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>MANUEL GALAVIZ, an individual<br><br>Defendant, | Case No. 6:17-bk-14023 MH<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR(S)**<br><br>[11 U.S.C. § 363(h)]<br><br>DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: CTRM 301<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92504 |

**TO THE HONORABLE MARK HOULE, UNITED STATES BANKRUPTCY JUDGE; THE DEFENDANT, AND HIS COUNSEL OF RECORD, IF ANY:**

For his Complaint for Authority to Sell Property Owned, in part, by Non-Debtor (the "Complaint") against defendant Manuel Galaviz ("Galaviz" or "Defendant"), plaintiff Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtors Yvonne L. Sanchez and Oscar Sanchez (the "Debtors") hereby alleges as follows:

///

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff, Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled <u>In re Yvonne L. Sanchez and Oscar Sanchez</u>, bearing Case No. 6:17-bk-14023 MH (the "Bankruptcy Case").

3. The debtors Yvonne L. Sanchez and Oscar Sanchez (the "Debtors") initiated this case by filing a joint, voluntary Chapter 7 petition on May 12, 2017 (the "Petition Date").

4. Defendant Manuel Galaviz ("Galaviz") is an individual residing within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking authority to sell the Defendant's interest in real property commonly known as 5202 El Sueno Street, San Antonio, Texas 78233 (the "Property").

6. Debtor Yvonne L. Sanchez and Defendant obtained joint title to the Property via a Warranty Deed recorded with the Bexar County Recorder on August 18, 2006, as instrument number 20060198494 (the "Deed").

7. The Deed provides that title to the Subject Property, was, and currently is, vested as "Yvonne Galaviz [Debtor's former name] and spouse, Manuel Galaviz".

8. Based upon a Motion for Relief from the Automatic Stay filed by Deutsche Bank National Trust Company, Plaintiff is informed and believes and, on that basis alleges that as of the Petition Date, the Subject Property was encumbered by a mortgage with an outstanding balance of approximately $128,000.00.

Larry D. Simons, Chapter 7 Trustee
7121 Magnolia Avenue
Riverside, California 92504

9. Plaintiff is informed and believes and, on that basis alleges that the Property has a current fair market value of at least $265,000.00.

### FIRST CLAIM FOR RELIEF

### TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,

### IN PART, BY A NON-DEBTOR

### [11 U.S.C. § 363(h)]

10. Plaintiff realleges each and every allegation contained in paragraphs 1 through 9 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

11. Based upon the current value of the Property and the amount of the balance of the lien against the Property as of the Petition Date, and taking into account, estimated costs of sale, the Property has gross equity of about $115,000.00, at least half of which constitutes property of the Estate.

12. Partition of the Subject Property between the Estate and the Defendant is impracticable.

13. The sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interests of the Defendant.

14. The benefit to the Estate of a sale of the Property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant.

15. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

16. By reason of the foregoing, the Plaintiff may sell the interest of Defendant in the Subject Property pursuant to 11 U.S.C. Section 363(h).

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. To obtain approval for the sale of the interest of the non-Debtor Defendant in the Property pursuant to 11 U.S.C. § 363(h);

2. For attorney's fees; and

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: 07/29/2021

                          */s/ Larry D. Simons*
                          Larry D. Simons, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Larry D. Simons, Chapter 7 Trustee | **DEFENDANTS**<br>Manuel Galaviz |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Complaint to authorize sale of property owned in party by non debtor pursuant to 11 U.S.C. §363(h)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[XX] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $55,000 |

**Other Relief Sought**
*Judgment for authority to sell real property*

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*Yvonne and Oscar Sanchez* | | BANKRUPTCY CASE NO.<br>6:17-14023 MH |
| DISTRICT IN WHICH CASE IS PENDING<br>*Central District of California* | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>*M. Houle* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Larry D. Simons*<br>*Larry D. Simons* | | |
| DATE<br>*July 29, 2021* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Larry D. Simons* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.